IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL A. LUJAN,

    Plaintiff,

v.

LINDA ANN GRUENWALD, et al.,

    Defendants.

Case No. 2:14-cv-01640-MO

ORDER

MOSMAN, District Judge.

    Plaintiff in this prisoner civil rights case seeks a temporary restraining order and preliminary injunction pertaining to his medical care at the Two Rivers Correctional Institution as well as his ability to access the courts for purposes of litigating his state post-conviction relief ("PCR") action. Specifically, petitioner seeks a court order requiring defendants to: (1) effectively manage his back and leg pain during the pendency of this case; (2) approve an MRI or CAT scan of his back; (3) refrain from denying him copies necessary for his state PCR action; and

1 - ORDER

(4) refrain from denying him envelopes for mailing documents that are necessary to support his PCR action.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008). A plaintiff may also qualify for a preliminary injunction by showing that there are serious questions going to the merits of his claim and that the balance of hardships tips sharply in his favor, so long as the other *Winter* factors are also met. *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127. 1134-35 (9th Cir. 2011). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.,* 13 F.3d 1313, 1319-20 (9th Cir. 1994).

As an initial matter, plaintiff's request for preliminary injunctive relief pertaining to his ability to access the courts for the purpose of litigating his state PCR action is denied because it is apparent from his filings that he has appointed counsel to assist him with that action. Motion for Preliminary Injunction (#23), p. 3; *see also Lewis v. Casey,* 518 U.S. 343, 350 (1996); *United States v. Wilson,* 690 F.2d 1267, 1272 (9th Cir.

2 - ORDER

1982) (the offer of court-appointed counsel is sufficient to satisfy an inmate's right of access to the courts).[1]

With respect to plaintiff's Eighth Amendment medical claim, he must demonstrate that defendants have been deliberately indifferent to a serious medical need. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000), 203 F.3d at 1131; *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Deliberate indifference is shown only where an official "knows of and disregards an excessive risk of inmate health and safety . . . ." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Doty*, 37 F.3d at 546.

Plaintiff has provided the court with a variety of documents showing that the defendants have: (1) taken an X-ray of plaintiff's back, showing no significant malady; (2) provided him with non-steroidal anti-inflammatory drugs to help manage his pain; and (3) suggested to plaintiff that his back pain will be alleviated through the use of the drugs provided as well as recommended weight-loss and exercise regimens. Exhibit 2 to Reply (#38); Exhibit 16 to Reply (#38). While plaintiff asserts that defendants

---

[1] The court also notes that the Ninth Circuit has rejected any constitutional right to unlimited free photocopying. *See Johnson v. Moore*, 926 F.2d 921, 923 (9th Cir.1991), *superseded on other grounds by Johnson v. Moore*, 948 F.2d 517 (9th Cir. 1991); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989).

3 - ORDER

should provide him with alternate medications, a difference of medical opinion between a prisoner and prison officials does not does not amount to a constitutional violation. *See, e.g., Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shields v. Kunkel*, 442 F.2d 409, 410 (9th Cir1971); *Mayfield v. Craven*, 433 F.2d 873 (9th Cir. 1970); *McKinney v. People of State of Cal.*, 427 F.2d 160 (9th Cir. 1970). Moreover, it does not appear from plaintiff's submissions that defendants are being deliberately indifferent to his serious medical needs. As such, his chances of succeeding on the merits of his medical claim appear to be low.

Plaintiff fears that if the court does not provide him with a preliminary injunction, he might suffer permanent damage from his back pain and the tingling and numbness in his leg. Based on the portions of plaintiff's medical record that he has submitted, plaintiff's theory of permanent injury is speculative. Where plaintiff has not demonstrated a likelihood of success on the merits or that he is likely to suffer irreparable injury in the absence of a preliminary injunction, the court need not further explore the balance of equities and public interest factors. Plaintiff's Motion for Preliminary Injunction, and his Motion to Intervene (#29) which reiterates his request for preliminary injunctive relief, are denied.

Also before the court are plaintiff's Motion to Amend (#25) and Motions to File Supplemental Pleadings (#26 & #33). Local Rule

4 - ORDER

15-1(c) requires a party moving to amend a pleading to "reproduce the entire pleading and . . . not incorporate any part of the prior pleading by reference" and to describe the changes to the pleading to be amended. In addition, a copy of the proposed amended pleading must be attached as an exhibit to any motion for leave to file the amended pleading. LR 15-1(d)(1). Because plaintiff's Motions do not comply with these requirements, they are denied.

Plaintiff also asks the court to exclude the introduction of evidence that is irrelevant and unduly prejudicial that might concern his criminal history or unrelated medical information. The court grants the Motion in Limine (#32) insofar as it will not allow the introduction of evidence it finds to be irrelevant and unduly prejudicial.

Finally, plaintiff has filed a "Motion for Depositions Upon Written Questions" (#34) pursuant to Fed. R. Civ. P. 31. He asks that the court require a non-party to provide him with answers to five questions within 30 days. There is no indication that plaintiff has sought to discover this information in the absence of a court order, and he has not described why leave of the court is required under Rule 31(a)(2). As such, plaintiff's Motion is denied.

## CONCLUSION

Plaintiff's Motion for Preliminary Injunction (#23), Motion to Amend (#25), Motions to File Supplemental Pleadings (#26 & #33),

5 - ORDER

Motion to Intervene (#29), and Motion for Depositions Upon Written Questions (#34) are denied.

Plaintiff's Motion in Limine (#32) is granted insofar as the court will exclude evidence it finds to be irrelevant and unduly prejudicial.

IT IS SO ORDERED.

DATED this 16th day of April, 2015.

_____
Michael W. Mosman
United States District Judge