UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**MICHAEL A. LUJAN,**

    Plaintiff,

v.

**LINDA A. GRUENWALD, ET AL.**,

    Defendants.

No. 2:14-cv-01640-MO

OPINION AND ORDER

**MOSMAN, J.**,

Plaintiff seeks to amend and supplement his complaint to include additional defendants and new facts. For the reasons stated below, I GRANT Plaintiff's Motion to Amend the Complaint.

## BACKGROUND

The Plaintiff, Mr. Lujan, is a prisoner brining a claim under 42 U.S.C. § 1983. Plaintiff alleges various members of the prison staff denied him appropriate medical care and further prevented him from accessing supplies he needed, and to which he was allegedly entitled, to facilitate the pursuit of separate legal claims.

Plaintiff seeks to amend his complaint to add five new defendants and significant additional facts pertaining to events that occurred after the original complaint was filed on October 15, 2014. Plaintiff has been attempting to amend since February 10, 2015, but I twice denied his requested amendments due to procedural defects.

1 –ORDER

**DISCUSSION**

**I.      Amending the Complaint**

Rule 15(a)(2) governs leave to amend a pleading, stating that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15.  In particular, the "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012).  The Ninth Circuit instructs courts to analyze five factors in granting leave to amend:  bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *See Nunes v. Ashcroft,* 348 F.3d 815, 818 (9th Cir. 2003).  While the Defendants will undoubtedly suffer some prejudice, the balance of factors supports Plaintiff's amendment.  Below, I address each in turn.

    a.   Bad Faith

Defendants suggest that because Plaintiff lost his motion for a preliminary injunction on claims related to his amended claim, any such amendment is made in bad faith.  However, denial of the preliminary injunction means only that Plaintiff is unlikely to win at trial, not that it is impossible. *Nat'l City Bank, N.A. v. Prime Lending, Inc.*, No. CV-10-034-EFS, 2010 WL 2854247, at *9 (E.D. Wash. July 19, 2010).  "Merely because Plaintiffs possessed insufficient evidence at the time of the preliminary injunction hearing to show a likelihood of success on the merits of all of their claims does not mean the evidence does not exist and cannot be obtained through discovery." *Id.* Thus, Plaintiff's motion to amend is not in bad faith.

b. Undue Delay

The lawsuit was initially filed on October 15, 2015. This motion to amend follows ten months later. While that amounts to a substantial period of time, many of the facts Plaintiffs seeks to add occurred after the original filing and so could not have been brought at the time of the original filing. In addition, Plaintiff has been attempting to amend since February 10, 2015, less than four months after his initial pleading was filed and very shortly after the additional alleged actions occurred. Overall, while delayed, the motion is not unduly so.

c. Prejudice

Defendants will suffer some prejudice if Plaintiff amends his complaint. They will likely need to reopen discovery and to recraft their pending motion for summary judgment. Such efforts require time and money. However, the prejudice to Defendants is partially mitigated as they have known of these claims since February and the briefing for summary judgment was suspended pending this motion.

d. Futility of the Amendment

Defendants argue the amendment is futile because the claims lack merit. Plaintiff's claims against the new defendants are in two parts. Neither is futile.

Plaintiff attempts to add one Defendant who allegedly denied envelopes and copies that Plaintiff needed for litigation and withheld packages that Plaintiff owned. If Plaintiff can show that he was indigent and that he needed the contested supplies for court filings, this claim will not be futile.

For the remaining four defendants, Plaintiff's claim rests solely on a theory of supervisory liability under Section 1983. "A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor." *Starr v. Baca*, 652 F.3d

3 –ORDER

1202, 1206-07 (9th Cir. 2011).   Plaintiff alleges the four Defendants violated his constitutional rights when they were told of the violations of their subordinates either through informal conversations with Plaintiff or through a grievance process and, after being informed, did nothing.  This would be sufficient, at this stage of the case, to bring claims that are not futile.

It is undisputed that Plaintiff has not previously amended his complaint. The remaining four factors are contested. While Defendants will suffer some prejudice, Plaintiff has consistently tried to amend his complaint without undue delay, and the claims he is attempting to add are neither futile nor in bad faith.  The balance of these factors show that Plaintiff's amendment is proper.

## CONCLUSION

For the reasons given above, I GRANT plaintiffs' Motion to Amend Complaint [84].

DATED this  24th  day of August, 2015.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge