UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**MICHAEL A. LUJAN,**

       Plaintiff,

   v.

**LINDA A. GRUENWALD, ET AL.**,

       Defendants.

No. 2:14-cv-01640-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Plaintiff and Defendants have made cross-motions for summary judgment. For the reasons stated below, I GRANT Defendants' Motion for Summary Judgment [134] and DENY Plaintiff's Cross Motion for Summary Judgment [143].

**Background**

    Plaintiff, a prisoner, brings a civil rights action with eight claims. The first four are claims alleging Defendants violated Plaintiff's access to the courts. First, he claims Defendants Sharon Justus, Stephanie Martin, John Myrick, Steven Franke, and Michael Gower violated his First Amendment and Fourteenth Amendment right of access to the courts by refusing to provide him with copies and mailing services to pursue his state post-conviction relief action. Second, he claims Defendants Justus, Martin, and Myrick violated his First Amendment and Fourteenth Amendment right of access to the courts by erecting barriers to deliberately interfere with his right to file civil suit. Third, he claims Defendants Justus, Martin, and Myrick violated his Fourteenth Amendment Equal Protection rights by failing to provide him with copies and

1 – OPINION AND ORDER

mailing services to pursue his court actions because he was indigent. Fourth, he claims Defendant Justus and Martin violated his Fourteenth Amendment liberty interests by denying him the benefit of OR. ADMIN. R. § 291-139-0040.

Plaintiff's fifth and sixth claims are Eighth Amendment claims for inadequate medical care. Specifically, his fifth claim is that Defendants Linda Gruenwald, Dr. Daniel Dewsnup, and Dr. Steven Shelton violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. Sixth, he claims that Defendants Gruenwald and Dewsnup violated his Eighth and Fourteenth Amendment rights by inadequately treating him and causing him to fall from his top bunk and sustain further injury to his back.

His seventh claim is against Defendant Gruenwald for retaliating against him by discontinuing his lower bunk restriction. His eighth claim is that Defendants Justus and Martin violated various state criminal laws.

Defendants attack the first four claims on the merits. They attack the fifth and sixth claims for lack of exhaustion; the seventh claim on the merits; and the eighth claim as beyond the scope of a civil suit. Defendants also make arguments regarding sovereign immunity, supervisory liability, and qualified immunity.

## Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The initial burden for a motion for summary judgment is on the moving party to identify the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the non-moving party to demonstrate, through the production of evidence listed in Fed. R. Civ. P. 56(c)(1), that there remains a

"genuine issue for trial." *Celotex*, 477 U.S. at 324. The non-moving party may not rely upon the pleading allegations. *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995) (citing FED. R. CIV. P 56(e)). All reasonable doubts and inferences to be drawn from the facts are to be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## Discussion

1. Official Capacity

Defendants argue Plaintiff's claims against individual defendants in their official capacity are barred by the Eleventh Amendment. Plaintiff's amended complaint requests monetary, injunctive, and declaratory relief. While Defendants are correct that monetary relief would be inappropriate, Plaintiff may pursue his claims for injunctive and declaratory relief against individuals in their official capacity. *ACS of Fairbanks, Inc. v. GCI Commc'n Corp.*, 321 F.3d 1215, 1217 (9th Cir. 2003) (where a party "seeks injunctive and declaratory relief . . . the relief requested is permissible under *Ex parte Young*").

2. First, Second, Third, and Fourth Claims – Access to Courts

Plaintiff's first, second, third, and fourth claims all address access to the courts and are rooted in the prison's refusal to provide Plaintiff with free photocopies and mailing services.

   a. Claims 1 and 2

The Ninth Circuit has traditionally differentiated between two types of access to court claims: those involving prisoners' right to affirmative *assistance* and those involving prisoners' rights to litigate without active *interference*. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101–02 (9th Cir. 2011). The right to affirmative assistance does not apply in ordinary civil cases, but does apply in collateral attacks to sentences. *Id.* (limiting assistance to that needed "in order to attack

3 – OPINION AND ORDER

[prison] sentences, [either] directly or collaterally, and in order to challenge the conditions of their confinement")(citation omitted).

Plaintiff alleges two separate injuries from the prison's actions. The first injury is failure of the collateral challenge to his sentence. The second is failure of the civil claim against his attorney. Plaintiff has a right to affirmative assistance with his collateral challenge. Even with this heightened level of protection, his claim nonetheless fails. The right of assistance requires the state must provide prisoners either with counsel or with sufficient resources to proceed *pro se*. *United States v. Wilson,* 690 F.2d 1267, 1272 (9th Cir. 1982) (the offer of court-appointed counsel satisfies the obligation to provide meaningful access to the courts, even where detainee is denied pretrial access to a law library). Here, Plaintiff had counsel for his collateral attack providing him with sufficient access to the courts and so the claims rooted in his collateral attack must fail. *Smith v. Cty. of Santa Clara*, 223 F. App'x 701, 702 (9th Cir. 2007).

As to the claims addressing the dismissal of Plaintiff's ordinary civil case, Plaintiff only has a right to be free from active interference by prison officials. "This right does not require prison officials to provide affirmative assistance in the preparation of legal papers, but rather forbids states from erecting barriers that impede the right of access of incarcerated persons." *Silva*, 658 F.3d at 1102–03 (internal quotations omitted).

The acts of the prison officials in this case do not rise to the level of active interference. Plaintiff bases his claims in the denial of free copies and mailing services. The active interference claims that have been recognized by courts are far more serious violations including instances where prison officials repeatedly transferred a prisoner to hinder his ability to litigate or where prison officials seized and withheld legal files. *See Silva* 658 F.3d at 1103. Because Plaintiff's allegations do not indicate interference but merely a lack of assistance, summary

judgment on Defendants' motion is appropriate. I therefore GRANT Defendant's motion for summary judgment as to Plaintiff's first and second claims.

    a. Third Claim – Violation of the Equal Protection Clause

In his third claim, Plaintiff argues the prison's failure to provide him with free copies and mailing services violates the Equal Protection Clause. In *Rodriguez v. Cook*, the Ninth Circuit addressed a similar equal protection challenge to a prison's failure to provide more than five free stamps to an indigent prisoner who sought to write his attorney. *Rodriguez v. Cook,* 169 F.3d 1176, 1179 (9th Cir. 1999). The court held the measure should be presumed "constitutional unless it is based upon a suspect classification or impinges upon a fundamental right" and noted "indigent prisoners are not a suspect class" *Id.* (internal citations omitted). The Ninth Circuit proceeded to find no fundamental right was implicated, recognizing "although the Supreme Court [has] held that prisoners have a constitutional right of meaningful access to the courts, a prison system need not provide maximum or even optimal level of access. Other courts have upheld regulations which impose reasonable costs on persons who want to sue." *Id.* The right to meaningful access to the courts "does not require unlimited state-subsidized communication with counsel, but only that prisoners be able to present their grievances to the courts . . . . His claim for more stamps does not implicate the right to access the courts but constitutes an attack on the particular methodology chosen by Oregon to fulfill the constitutional requirement of access to the courts." *Id.* at 1180.

If neither a fundamental interest nor a protected class is involved, I review the prison regulation under the rational basis standard and uphold the regulation "if [it was] rationally related to a legitimate government interest." *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002). The regulation that Defendants followed serves to balance a prisoner's access to the courts with the "extraordinary costs of frivolous prisoners suits and minimize such costs to the

5 – OPINION AND ORDER

taxpayers." *Rodriguez*, 169 F.3d at 1181. I therefore GRANT Defendants' Motion for Summary Judgment as to Plaintiff's third claim.

    b. Fourth Claim – Violation of the Fourteenth Amendment

Plaintiff contends the prison violated its own regulations by refusing to make photocopies. "Section 1983 affords redress only for violation of rights guaranteed by federal law. Violations of state law or regulations are not cognizable under § 1983." *Canell v. Bradshaw*, 840 F. Supp. 1382, 1387 (D. Or. 1993) *aff'd,* 97 F.3d 1458 (9th Cir. 1996). As an access to the courts argument, Plaintiff's claim is addressed above. As an independent claim, it states no cognizable grounds for relief under section 1983. I therefore GRANT Defendants' Motion for Summary Judgment and dismiss Plaintiff's fourth claim.

   3. Fifth and Sixth Claims - Exhaustion of Administrative Remedies.

Defendants claim Plaintiff's fifth and sixth claims have not been properly exhausted. An inmate must exhaust all available administrative remedies prior to filing a complaint under section1983. *Porter v. Nussle,* 534 U.S. 516, 524 (2002). Ultimately, failure to exhaust administrative remedies is an affirmative defense on which Defendants bear the burden of proof. *Jones v. Bock,* 549 U.S. 199, 212 (2007).

    a. Fifth Claim

Plaintiff's fifth claim centers on an Eighth Amendment violation by prison personnel who ignored his medical needs. Plaintiff filed six separate grievances on the issue. His first grievance made it up to a second appeal on July 8, 2014. While it was being considered, Plaintiff filed a tort claim notice on August 20, 2014. Pursuant to prison policy, the grievance process ceased and the grievance was returned to Plaintiff. OAR § 291-109-0160(4). His second grievance failed to meet the prison's specificity requirements. Given a chance to resubmit it, Plaintiff failed to do so

Case 2:14-cv-01640-MO    Document 156    Filed 03/18/16    Page 7 of 11

within the required time period. Plaintiff's third and fourth grievances were denied and he did not appeal. Plaintiff's fifth and sixth grievances were interrupted by his filing of the initial complaint.

### b. Sixth Claim

Plaintiff's sixth claim is an Eighth Amendment claim for inadequate medical treatment. He filed three grievances. The first grievance, filed in December 2013, was denied as untimely. The second grievance was filed in March 2014. The prison claims the grievance was being processed in August 2014 when Plaintiff filed his notice of tort claim. The grievance was returned to Plaintiff on September 3, 2014, before the result of Plaintiff's second appeal was determined. Plaintiff's third grievance was denied for naming more than one Department of Correction ("DOC") employee. He did not fix it and resubmit it within the time allowed.

### c. Failure to Exhaust

On the surface, Plaintiff failed to exhaust his claims. It is uncontested the grievances were originally returned due to Plaintiff's filing of a notice of tort. When grievances are returned because of such a notice of tort claim, the grievance process is not exhausted. *See Randall v. DiGiulio*, No. 3:12-cv-02277-HU, 2013 WL 6498759, at *3 (D. Or. Dec. 9, 2013) ("While plaintiff was unable to appeal his grievances because they were returned because he filed a tort claim, this does not excuse his failure to exhaust administrative remedies."); *Vega v. Bell, et al.*, No. 2:13-cv-00931-HU at *16-17 (D. Or. Dec. 3, 2014) (same); *Lovelady v. Beamer*, No. 2:14-CV-00769-KI, 2014 WL 7228870, at *2-3 (D. Or. Dec. 17, 2014) ("Prematurely ending the administrative process does not satisfy the PLRA exhaustion requirement, and does not demonstrate the unavailability of administrative relief.")

However, Plaintiff's conversation with a grievance coordinator calls for a closer analysis. Plaintiff was told by an administrator on September 23, 2014, in response to his question of

7 – OPINION AND ORDER

whether the claims were exhausted, "Yes, you have exhausted the grievance process for these two complaints." (Exhibit 14). The Ninth Circuit has held a prisoner need not press one once he has "been reliably informed by an administrator that no remedies are available." *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). While in isolation the comment suggests exhaustion, when viewed in light of all of the circumstances of the case, it is clear that the comment was immaterial. First, the grievance coordinator spoke only *after* Plaintiff had filed his notice of tort claim. Whether or not the comment discouraged Plaintiff from pursuing further appeals is irrelevant because no further appeals were available to him after he filed the notice of tort. At that point, he ended the grievance process. Furthermore, even if he had not ended the grievance process, it is clear that the coordinator's comment did not dissuade him from pursuing his grievance as he continued to file more. After the September 23, 2014 comment, Plaintiff filed grievances addressing the same issues on November 15, November 20, and December 1, 2014.

Because Plaintiff failed to exhaust his claims before filing his notice of tort claim, I GRANT Defendants' Motion for Summary Judgment as to Plaintiff's claim 5 and 6.

      d.   Seventh Claim – Retaliation

Plaintiff brings a retaliation claim against Defendant Gruenwald, a DOC nurse. Plaintiff had a lower bunk restriction assigned for his comfort and in response to his complaints of back pain and sciatica. Defendant Gruenwald removed the restriction on June 6, 2014, after a visit with the Plaintiff. Defendant Gruenwald claims it was because during that visit, she became aware Plaintiff had been moved to the Disciplinary Segregation Unit and assigned a bottom bunk. Plaintiff claims it was because he informed her he was pursuing grievances against her.

To state a claim for retaliation under the First Amendment, a prisoner must allege the following five elements: (1) a state actor took an adverse action against him (2) because of (3) the prisoner's protected conduct, and that the action taken against him (4) chilled the prisoner's

8 – OPINION AND ORDER

exercise of his First Amendment Rights and (5) did not reasonably advance a legitimate correctional goal. *Silva,* 658 F.3d at 1104 (9th Cir. 2011).

Plaintiff has failed to show Defendant Gruenwald's actions did not advance a legitimate penological goals. Defendant Gruenwald's removal of the restriction served as an efficient administrative measure, because Plaintiff no longer had need of it. Even if defendant had an impermissible reason for the adverse action, if a separate, permissible reason exists, the defendant will not be liable. *See Hartman v. Moore,* 547 U.S. 250, 260 (2006) (noting that if there is a finding that retaliation was not the but-for cause of the action complained of, the claim fails for lack of causal connection between unconstitutional motive and resulting harm, despite proof of some retaliatory animus in the official's mind). Because Defendant Gruenwald's actions served a legitimate penological goal, I GRANT Defendants' Motion for Summary Judgment and dismiss Plaintiff's seventh claim

  e.   Eight Claim - Criminal Liability

Plaintiff's Eighth Claim alleges Defendants Justis and Martin violated state criminal law. Criminal statutes give no private rights of action. Where courts have "implied a private right of action under a criminal statute there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Chrysler Corp. v. Brown*, 441 U.S. 281, 284 (1979) (quotation and citation omitted). There is no such indication here. I GRANT summary judgment as to Plaintiff's eighth claim.

  f.   Supervisory Liability

While the majority of Plaintiff's claims have been dismissed on the merits, and thus could not support a supervisory liability claim, Plaintiff's fifth and sixth claims are being dismissed for failure to exhaust. Since that decision does not address the existence of an underlying

constitutional violation, it is possible that a plaintiff can fail to exhaust against one defendant, and yet still be able to maintain a claim against a supervisor for the underlying violation.

Supervisory liability claims, like any other claims, must be exhausted. As the Supreme Court has repeatedly held, administrative exhaustion is not an optional step on the road to litigation: it is "mandatory," and "unexhausted claims cannot be brought in court." *See e.g. Jones*, 549 U.S. at 211.  No. 2:12-CV-02165-JAD, 2014 WL 1307454, at *5 (D. Nev. Mar. 28, 2014).  Whether exhaustion is obtained by addressing the underlying action, and thus could be satisfied by exhausting claims against a subordinate, or must be obtained by addressing the potential defendant depends on the state's grievance system.  In *Jones,* the Supreme Court found "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Jones,* 549 U.S. at 219.  Rather, all that is required by the PLRA is "[c]ompliance with prison grievance procedures," which vary by system. *Id.* at 218.  Oregon's rules focus on the "matter, action, or incident" rather than the person. OAR 291-109-140(d). "Matter, action, or incident[,]" in the context of supervisory liability, can be interpreted in one of two ways.  Either it refers to the underlying incident (i.e. the constitutional violation performed by the underling), or it refers to the supervisor's inaction.  I view supervisor inaction as a separate matter, action, or incident, requiring a separate grievance.  Plaintiff has brought no grievance pertaining to supervisory inaction in this case.  Therefore, he has not met the exhaustion requirements of the PLRA.  Any remaining supervisory liability claims are DISMISSED.

//
//
//
//
//

10 – OPINION AND ORDER

**Conclusion**

For the reasons stated above, Plaintiff's Motion for Summary Judgment [143] is DENIED and Defendants' Motion [134] is GRANTED.

IT IS SO ORDERED.

DATED this __18th__ day of March, 2016.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Court

11 – OPINION AND ORDER