UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**MICHAEL A. LUJAN**,

        Plaintiff,

   v.

**LINDA A. GRUENWALD, ET AL.**,

        Defendants.

No. 2:14-cv-01640-MO

OPINION AND ORDER

**MOSMAN, J.**,

Plaintiff has filed two Motions for Reconsideration [164, 165]. For the reasons stated below, I GRANT in part and DENY in part Plaintiff's Motion for Reconsideration [164] and his Supplemental Motion for Reconsideration [165]. The Motion is GRANTED with respect to the partial exhaustion of Plaintiff's fifth and sixth claims. It is DENIED as to Plaintiff's other arguments.

## Discussion

Plaintiff asks me to reconsider my Judgment [157] on several grounds:

1. Plaintiff argues I improperly dismissed his fifth and sixth claims for failure to exhaust when the record shows he has exhausted Grievance TRCI-2014-01-092AA;

2. Plaintiff argues I failed to consider the Hobson's choice presented by the grievance exhaustion requirements and the Oregon Tort Claims Act requirements when I found he had failed to exhaust his sixth claim;

3. Plaintiff argues I improperly decided his first and second claims by considering the question of "free" copies rather than simply the availability of "copies;" and

4. Plaintiff argues I improperly denied his access to the courts claim because although he had legal counsel for his collateral attack, it was inadequate legal counsel.

I address each issue in turn.

1 – OPINION AND ORDER

    1. TRCI-2014-01-092AA

Plaintiff is correct that he properly exhausted Grievance TRCI-2014-01-092AA. (Def. MSJ at 7) ("Plaintiff exhausted his administrative remedies as to that grievance on June 17, 2014.) That grievance is against Defendant Gruenwald who "rescinded the low-tier/low-bunk restriction and refused to increase" Plaintiff's prescribed medication. (135-5 at 10.) In response to his request for a bunk, Plaintiff was told "there are not enough" for everyone who requests one (*Id*. at 9.) In regard to his pain medication, the grievance response notes Plaintiff is not entitled to demand a specific medication or dose and that "review of [Plaintiff's] record shows that there are many days" where he did not take the provided medication so it is "hard to understand" why he needs more. *Id.* Plaintiff made it through both required appeals. (*Id.* at 1.)

Defendants offer two arguments for why the exhaustion of Grievance TRCI-2014-01-092AA does not affect the analysis for Plaintiff's fifth and sixth claims. Neither argument succeeds. First, Defendants argue Plaintiff's Motion to Alter or Amend the Judgment is untimely as it was filed four days beyond the deadline of FRCP 59(e). However, Defendants ignore my order from April 14, 2016, which granted Plaintiff an extension of time to file his motion. [161] In that order, I allowed Plaintiff until May 5, 2016, to file his Motion to Alter or Amend the Judgment. Mr. Lujan complied by filing his motions on April 29, 2016.

Next, Defendants argue Grievance TRCI-2014-01-092AA addresses the seventh claim, which I had decided on the merits. Defendants rest this argument on the fact that Mr. Eynon's Declaration stated Grievance TRCI-2014-01-092AA was related to Plaintiff's seventh claim. Defendants have either failed to read the grievance or failed to read the complaint. Plaintiff's seventh claim is against Defendant Gruenwald for retaliation allegedly occurring on June 6, 2014. Grievance TRCI-2014-01-092AA was filed on January 7, 2014, six months before

Defendant Gruenwald's alleged retaliatory acts. Indeed, the grievance in question could not have been directed at Defendant Gruenwald's retaliatory acts as the grievance was the very thing she was allegedly retaliating.

Given that Plaintiff properly exhausted Grievance TRCI-2014-01-092AA and that Grievance TRCI-2014-01-092AA grieves the fifth and sixth claims, I erred when I granted summary judgment on Plaintiff's fifth and sixth claims on the basis of Plaintiff's failure to exhaust his administrative remedies. At least as to Defendant Gruenwald's actions with respect to Plaintiff's low-bunk restriction and dosage of medication on or around January 8, 2014, Plaintiff has properly exhausted his claims. Because Defendants' moved for summary judgment solely on the basis of exhaustion, their Motion for Summary Judgment as to Plaintiff's fifth and sixth claims should have been denied. As such, I GRANT Plaintiff's Motion to Alter or Amend the Judgment as to Plaintiff's fifth and sixth claims on the limited basis articulated above and will amend the Judgment to show Defendants' Motion for Summary Judgment [134] is DENIED in part. Defendants provided no briefing on the substantive arguments about the fifth and sixth claims Plaintiff made in his cross-motion for summary judgment. [143]. I will allow Defendants the opportunity to do so before ruling as to the merits of Plaintiff's fifth and sixth claims.

    2. Oregon Tort Claim Act and Exhaustion

Plaintiff is again correct that the notice requirements of Oregon Tort Claim Act ("OTCA") and the exhaustion requirements of the Prison Litigation Reform Act ("PLRA") can create a Hobson's Choice. However, that choice is not at issue in this case because the OTCA requirement is only applicable for state law claims, and Plaintiff has produced no evidence that he brought a plausible, non-criminal state law claim.

The OTCA requires potential litigants to file a notice of tort claim within 180 days of their injury. Plaintiff filed his notice in mid-August 2014, which would put the date of his injury in mid-

3 – OPINION AND ORDER

February, the same time Plaintiff alleges he was denied medical treatment and the partial basis for his fifth and sixth claims. However, Plaintiff has not pursued any state tort claims based on the actions in the grievances at issue nor has he provided any showing that he pursued those claims in a separate suit. Thus, while the overlap of the OTCA and the exhaustion requirements of the PLRA presents a potentially impossible choice, there is no indication that choice needed to be made here. *Ritter v. Reinke*, No. 1:13-CV-00509-BLW, 2015 WL 5611585, at *4 (D. Idaho Sept. 23, 2015) (finding Plaintiff did not need to file a notice of tort claim act to pursue federal claims, and so the question was not at issue).

    3. "Free" Copies

Plaintiff argues I erred when interpreting one basis for his claims to be the "denial of free copies and mailing services." (164 at 3.) However, Plaintiff's own complaint and cross motion for summary judgment show his claim was rooted in the prison's failure to provide him, among other things, copies without requiring payment from Plaintiff. *See* Pl. Compl. [144] at paragraph 31, 33, 35, 36, 41, 45, 48; *see also* Pl. Reply ("The following facts are not in dispute . . . [Defendants] denied copies and adequate mailing services due to [Plaintiff's] indigency.") Plaintiff cannot now argue differently.

    4. Inadequate Legal Counsel

Plaintiff was represented for his collateral attack on his conviction. The right of assistance requires the state must provide prisoners either with counsel or with sufficient resources to proceed *pro se*. *United States v. Wilson*, 690 F.2d 1267, 1272 (9th Cir. 1982) (the offer of court-appointed counsel satisfies the Fifth Amendment obligation to provide meaningful access to the courts, even where detainee is denied pretrial access to a law library). Here, Plaintiff had counsel for his collateral attack. This is sufficient access to the courts and any access to courts claims rooted in his collateral attack must fail. *Smith v. Cty. of Santa Clara*, 223

4 – OPINION AND ORDER

F. App'x 701, 702 (9th Cir. 2007). Furthermore, if Plaintiff's counsel was inadequate, there are other ways, including a claim for ineffective assistance of counsel, that are more appropriate for Plaintiff to pursue relief.

## Conclusion

For the reasons stated above, Plaintiff's Motions for Reconsideration of Judgment [164, 165] are GRANTED in part and DENIED in part.

IT IS SO ORDERED.

DATED this __7th__ day of June, 2016.

/s/ Michael W. Mosman_____<br>
MICHAEL W. MOSMAN<br>
Chief United States District Judge

5 – OPINION AND ORDER