IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**MICHAEL A. LUJAN**,

        Plaintiff,

   v.

**LINDA ANN GRUENWALD; et al.**,

        Defendants.

No. 2:14-cv-01640-MO

OPINION AND ORDER

**MOSMAN, J.**,

On March 18, 2016, I granted Defendants' Motion for Summary Judgment and dismissed all claims against Defendants [156].  I then GRANTED in part Plaintiff's Motions for Reconsideration of Judgment with respect to the partial exhaustion of Plaintiff's fifth and sixth claims [175].  I determined that Plaintiff had properly exhausted one of his grievances (TRCI-2014-01-092AA), and I held that the exhaustion of administrative remedies applied at least to Ms. Gruenwald's actions with respect to Mr. Lujan's low-bunk restriction and dosage of medication on or around January 8, 2014.  I DENIED Plaintiff's Motions for Reconsideration of Judgment with respect to Plaintiff's other arguments.  On June 21, 2016, Defendants filed a new Motion for Summary Judgment [182].  Plaintiff filed a response to that motion on August 1, 2016 [195].  Defendants' new motion is GRANTED as to Defendants Shelton and Dewsnup; it is DENIED as to Defendant Gruenwald.

## BACKGROUND

After my previous rulings, this case was left with two surviving claims.  First, Plaintiff's fifth claim for relief alleges that the actions of Ms. Gruenwald, Mr. Dewsnup, and Mr. Shelton violated Plaintiff's Eighth Amendment right to medical care.  Second, Plaintiff's sixth claim for relief alleges that the deliberate indifference of Ms. Gruenwald and Mr. Dewsnup violated Plaintiff's Eighth Amendment right not to be subjected to a risk of injury.  Defendants move for summary judgment on both claims.

Both of Plaintiff's claims arise out of the same events.  On December 20, 2013, Plaintiff sought treatment for back pain from Defendant Dr. Dewsnup, a medical doctor at Two Rivers Correctional Institute.  Dr. Dewsnup prescribed Gabapentin to Plaintiff for his pain and ordered that Plaintiff be restricted to a low bunk.  On January 7, 2014, Plaintiff met with Defendant Nurse Gruenwald because he was still in pain and did not believe the Gabapentin was helping.  On that date, Nurse Gruenwald removed Plaintiff's low-bunk restriction and declined to prescribe additional medication to him.  Plaintiff alleges that Nurse Gruenwald made these medical decisions without performing a physical evaluation on him.  He filed a grievance, TRCI-2014-01-092AA, on January 21, 2014, complaining of Nurse Gruenwald's failure to provide adequate care during her January 7, 2014 treatment of Plaintiff and her decision to supersede Dr. Dewsnup's order restricting Plaintiff to a low bunk.  As I held in my Opinion and Order dated June 7, 2016 [175], that grievance was properly exhausted.

On February 26, 2014, Plaintiff again sought medical treatment for his back pain.  He alleges that Dr. Dewsnup failed to treat him, however, because he had been caught making "pruno," a form of prison wine.  Plaintiff filed a grievance against Dr. Dewsnup on March 25, 2014, based on his allegations that Dr. Dewsnup failed to treat him.  That grievance was not

administratively exhausted, however, because Plaintiff filed a tort claim notice on August 20, 2014, before his second grievance appeal was considered.

Plaintiff filed his Complaint on October 15, 2014 [2]. In that Complaint, he named Nurse Gruenwald, Dr. Dewsnup, and Ms. Justice, the Law Librarian at the prison, as defendants in the case. Subsequently, on August 20, 2015, Plaintiff filed his First Amended Complaint [103], which added a number of additional defendants, including "S. Shelton." Mr. Shelton is the Medical Director at Two Rivers Correctional Institute. Plaintiff claims he complained to Mr. Shelton on November 20, 2014, that Nurse Gruenwald refused to employ proper pain management for Plaintiff. On December 1, 2014, Mr. Lujan claims that Mr. Shelton denied any relief to him due to the pending claim. There is no indication that Plaintiff ever filed a grievance against Mr. Shelton. Plaintiff's claim against Mr. Shelton alleges, based on those events, that Mr. Shelton was deliberately indifferent to Mr. Lujan's need for treatment.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The initial burden for a motion for summary judgment is on the moving party to identify the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the non-moving party to demonstrate, through the production of evidence listed in Fed. R. Civ. P. 56(c)(1), that there remains a "genuine issue for trial." *Celotex*, 477 U.S. at 324. The non-moving party may not rely upon the pleading allegations. *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995) (citing FED. R. CIV. P 56(e)). All reasonable doubts and inferences to be drawn from the facts are

to be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

Defendants move for summary judgment on Plaintiff's fifth claim for relief against Nurse Gruenwald, Dr. Dewsnup, and Mr. Shelton. Defendants also move for summary judgment on Plaintiff's sixth claim for relief against Nurse Gruenwald and Dr. Dewsnup.

In order to prevail on an Eighth Amendment claim for inadequate medical care, the Plaintiff must prove the defendant showed "deliberate indifference" to his "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A serious medical need includes "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled in part on other grounds by WMX Techs, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). A prison official is found to be deliberately indifferent if she "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). An inmate must exhaust all available administrative remedies prior to filing a complaint under Section 1983. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

1. Mr. Shelton

Plaintiff's fifth claim for relief against Mr. Shelton is based on allegations that Mr. Shelton was deliberately indifferent to Plaintiff's need for medical treatment in violation of his Eighth Amendment right to treatment.  Defendants argue in their motion that I already dismissed this claim against Mr. Shelton in my Opinion and Order dated March 18, 2016 [156] and that the claim should remain dismissed.  There, I held that supervisory claims, like all claims, had to be exhausted.  Plaintiff failed to bring a grievance pertaining to Mr. Shelton's supervisory inaction, and, therefore, he had not exhausted his administrative remedies against Mr. Shelton.  Plaintiff responds that the claim against Mr. Shelton should not be dismissed because Mr. Shelton's conduct occurred after the initial filing of the complaint, and, by rule, he could not bring a grievance against Mr. Shelton once the litigation was filed.  As such, filing a grievance against Mr. Shelton would be futile.

I agree with Defendants and DISMISS Plaintiff's fifth claim for relief against Mr. Shelton.  Plaintiff brought no separate grievance pertaining to supervisory inaction in this case. He also failed to raise the issue of exhaustion of his claim against Mr. Shelton in his Motion for Reconsideration and his Amended Motion for Reconsideration. [164, 165].  Accordingly, my March 18, 2016 Order dismissing all supervisory liability claims stands, and Plaintiff's fifth claim for relief against Mr. Shelton remains DISMISSED.

Even if I agreed to reconsider this decision, the arguments presented here continue to support dismissal.  Plaintiff argues that filing a grievance against Mr. Shelton would be futile because the events in question occurred after Plaintiff filed this case and therefore his grievance would not have been considered.

The facts of this case, however, do not support a finding that a grievance against Mr. Shelton would have been futile. Mr. Shelton was not a named defendant in Plaintiff's original Complaint; he was not named as a defendant until Plaintiff filed his Amended Complaint on August 20, 2015 [103]. But, Mr. Shelton's alleged deliberate indifference occurred in November and December of 2014. Accordingly, Plaintiff had approximately eight months to file a grievance against Mr. Shelton before naming him as a party in this case.

2. Dr. Dewsnup

Plaintiff's Section 1983 claims against Dr. Dewsnup allege that he violated Plaintiff's Eighth Amendment right to medical care and that Dr. Dewsnup's deliberate indifference to Plaintiff's need for medical care subjected Plaintiff to a serious risk of injury. Defendants argue that Plaintiff's claims against Dr. Dewsnup must fail because Plaintiff failed to prove that Dr. Dewsnup knew of and disregarded an excessive risk to Plaintiff's health and safety. In the alternative, Defendants also claim the doctrine of qualified immunity protects Dr. Dewsnup from liability. Plaintiff argues there are sufficient facts in dispute to suggest that Dr. Dewsnup failed to treat Plaintiff despite actual knowledge of a substantial risk of injury.

Regardless of the merits of Plaintiff's claims against Dr. Dewsnup, I DISMISS the claims because Plaintiff failed to exhaust his administrative remedies against Dr. Dewsnup. In my Opinion and Order [175] granting Plaintiff's Motion for Reconsideration with respect to his fifth and sixth claims, I found that only grievance TRCI-2014-01-092AA had been fully exhausted. Therefore, I denied Defendants' Motion for Summary Judgment with respect to claims based on that grievance. That grievance only pertains to Plaintiff's assertion that Nurse Gruenwald failed to adequately treat him in January 2013. It does not pertain to Dr. Dewsnup's actions. Insofar as Plaintiff's claims against Dr. Dewsnup are related to Dr. Dewsnup's failure to provide medical

care, Plaintiff is required to pursue proper administrative remedies against Dr. Dewsnup before bringing a Section 1983 case against him. Furthermore, as I explained above and in my Opinion and Order dated March 18, 2016 [156], claims related to supervisory inaction must also be properly exhausted through administrative remedies. Accordingly, I DISMISS Plaintiff's fifth and sixth claims against Dr. Dewsnup for failure to exhaust administrative remedies.

    3.  Nurse Gruenwald

Plaintiff's claims against Nurse Gruenwald allege that she was deliberately indifferent to his medical needs when she failed to change or increase his dosage of pain medication and when she discontinued his lower bunk restriction, thereby subjecting him to a serious risk of injury. In their brief, Defendants concede that Plaintiff's complaints of painful muscle spasms may constitute a serious medical need. But, they argue that Plaintiff has not proven that Nurse Gruenwald's actions constitute deliberate indifference to his medical needs. In the alternative, they argue that she is entitled to qualified immunity.

    a.  Fifth Claim

Defendants claim Nurse Gruenwald refused to increase or change his dosage of pain medication because he was not complying with the prescription he had already been given, and because providing Plaintiff with narcotic medication would be inappropriate given his use of pruno. Plaintiff, however, claims that Nurse Gruenwald refused to change or increase his pain medication to punish him for making pruno. In his Affidavit attached to his Response, Plaintiff claims that he only manufactured pruno to be sold for hygiene products and other commissary items in the prison. He also claims that he never tested positive for alcohol use. Based on this evidence, a jury could determine that Nurse Gruenwald was deliberately indifferent to Plaintiff's medical needs when she failed to change or increase his dosage of pain medication. Thus, there

is a genuine issue of material fact as to this claim. Accordingly, I DENY Defendants' Motion for Summary Judgment on Plaintiff's fifth claim of relief as to Defendant Nurse Gruenwald.

      b. Sixth Claim

Defendants also claim that Nurse Gruenwald discontinued Plaintiff's lower bunk restriction was because she concluded it was no longer medically necessary. They claim that her decision amounted to a difference of medical opinion from Dr. Dewsnup, not deliberate indifference. Plaintiff, however, has provided evidence from which a reasonable jury could conclude that by subjecting him to a serious risk of injury, Nurse Gruenwald was deliberately indifferent to his medical needs. Specifically, Plaintiff claims that Dr. Dewsnup made statements to him like "You're lucky to be able to walk" and "It's a hazard for you to be on a top bunk" after evaluating him on December 20, 2013. Those concerns were what prompted Dr. Dewsnup to order the low-bunk restriction during that appointment. Then, less than a month later, and without examining Plaintiff, Nurse Gruenwald removed that restriction. I find that these facts are sufficient to constitute a genuine dispute of material fact as to whether Nurse Gruenwald was deliberately indifferent to Plaintiff's medical needs when she removed his low-bunk restriction. Accordingly, I DENY Defendants' Motion for Summary Judgment on Plaintiff's sixth claim of relief as to Defendant Nurse Gruenwald.

      c. Qualified Immunity

Finally, Defendants argue Nurse Gruenwald is entitled to qualified immunity. An official is entitled to qualified immunity if she is not on notice that her conduct is unlawful. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Accordingly, the contours of a constitutional right "must be sufficiently clear" so that a "reasonable official would understand" that her conduct "violates that

8 – OPINION AND ORDER

right." *Id.* (citation omitted).  In other words, "in the light of pre-existing law the unlawfulness [of the official's conduct] must be apparent." *Id.* (citation omitted).

First, Defendants argue Nurse Gruenwald is entitled to qualified immunity because she did not violate Plaintiff's constitutional rights at all.  Second, Defendants argue that Nurse Gruenwald is entitled to qualified immunity as to the sixth claim because her decision to remove the lower bunk restriction constituted a difference of medical opinion, which, as a matter of law, does not constitute deliberate indifference.  *Fowler v. Hodge*, 94 F. App'x. 710, 712-13 (10th Cir. 2004).  Accordingly, it would not be clear to a reasonable prison official that Nurse Gruenwald's actions were unlawful.

Defendants cite *Fowler* for the proposition that a difference of medical opinion does not constitute deliberate indifference as a matter of law.  *Id.*  I do not find that case to be persuasive here.  The facts of *Fowler* are markedly different from the facts alleged here.  In *Fowler*, the court explained that "there [was] no evidence that any physician ever found it necessary or appropriate to address [the plaintiff's back] problem through a medical restriction on his bunk assignment." *Id.* at 713.  In fact, the plaintiff's examining physician "specifically found the restriction unwarranted." *Id.*  Here, Plaintiff's examining physician specifically found the restriction warranted.  Then, less than a month later, a nurse practitioner overturned the medical opinion of a physician, without performing a physical examination.  Thus, I do not agree that *Fowler* requires me to find, as a matter of law, that Nurse Gruenwald's treatment decisions do not constitute deliberate indifference.

Furthermore, as discussed above, Plaintiff alleges that Nurse Gruenwald acted with the intention of punishing Plaintiff for making pruno, and not because she merely disagreed with Dr. Dewsnup's medical opinion.  If Plaintiff's allegations are true, which I must assume for the

purposes of this summary judgment motion, then Nurse Gruenwald is not entitled to qualified immunity.  A reasonable official would understand that refusing to provide adequate treatment for the purposes of punishing an inmate would violate that inmate's Eighth Amendment rights. As such, I DENY Defendants' Motion for Summary Judgment [182] on the assertion that Defendant Nurse Grunenwald is entitled to qualified immunity.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment [182] is GRANTED in part and DENIED in part.

IT IS SO ORDERED.


DATED this ___26th___ day of October, 2016.


                                         /s/ Michael W. Mosman_____
                                         MICHAEL W. MOSMAN
                                         Chief United States District Judge